**Willie D. RANDLE, Petitioner–
Appellant,**

v.

**People of the State of CALIFORNIA,
Respondent–Appellee.**

No. 04–16014.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 13, 2005.

Decided Aug. 30, 2005.

Carrie Leonetti, FPDCA—Federal Public Defender's Office, Fresno, CA, for Petitioner–Appellant.

Lloyd Carter, AGCA—Office of the California Attorney General, Fresno, CA, for Respondent–Appellee.

Before SILVERMAN, WARDLAW, and CLIFTON, Circuit Judges.

MEMORANDUM *

Willie Randle appeals the district court's denial of his 28 U.S.C. § 2254 petition challenging his convictions for rape, burglary, robbery, and personal use of a deadly weapon in the commission of the rape. We have jurisdiction under 28 U.S.C. § 2253. We affirm.

Randle argues that the state trial court erred in denying as untimely his request for self-representation made two weeks prior to the beginning of trial. *See Faretta v. California,* 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). The state court's balancing of the factors identified in *People v. Windham,* 19 Cal.3d 121, 137

Cal.Rptr. 8, 560 P.2d 1187 (1977), to determine timeliness was not an unreasonable application of clearly established federal law under *Faretta. See* 28 U.S.C. § 2254(d)(1); *see also Wiggins v. Smith,* 539 U.S. 510, 520–21, 123 S.Ct. 2527, 156 L.Ed.2d 471 (2003) ("In order for a federal court to find a state court's application of our precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous. The state court's application must have been 'objectively unreasonable.'") (*citing Lockyer v. Andrade,* 538 U.S. 63, 74–75, 123 S.Ct. 1166, 155 L.Ed.2d 144 (2003); *Williams v. Taylor,* 529 U.S. 362, 409, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000)).

AFFIRMED.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.